UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
SECURITIES AND EXCHANGE          :
COMMISSION,                      :
   plaintiff,                    :
                                 :
v.                               :
                                 :   18-cv-1479 (AVC)
TANGOE, INC.,                    :
ALBERT R. SUBBLOIE,              :
GARY R. MARTINO,                 :
DONALD J. FARIAS, AND            :
THOMAS H. BEACH,                 :
   defendants.                   :
```

**FINAL JUDGMENT AS TO DEFENDANT THOMAS H. BEACH**

The Securities and Exchange Commission having filed a complaint and defendant Thomas H. Beach having entered a general appearance; consented to the court's jurisdiction over the defendant and the subject matter of this action; consented to entry of this final judgment without admitting or denying the allegations of the complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VI); waived findings of fact and conclusions of law; and waived any right to appeal from this final judgment:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11 and 13a-13

1

promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1. 240.13a-11, and 240.13a-13] by knowingly or recklessly providing substantial assistance to an issuer that files with the commission any information, document, or report required to be filed with the commission pursuant to Exchange Act Section 13(a) and the rules and regulations promulgated thereunder, which contains any untrue statement of a material fact, which omits to state any material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or which omits to disclose any information required to be disclosed.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this final judgment by personal service or otherwise:

(a)  the defendant's officers, agents, servants, employees, and attorneys; and

(b)  other persons in active concert or participation with the defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the

Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by knowingly or recklessly providing substantial assistance to an issuer that fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflected the transactions of the issuer.

    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this final judgment by personal service or otherwise:

    (a)   the defendant's officers, agents, servants, employees, and attorneys; and

    (b)   other persons in active concert or participation with the defendant or with anyone described in (a).

### III.

    IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by knowingly or recklessly providing substantial assistance to an issuer that fails to devise and maintain a system of internal accounting controls sufficient to reasonably assure that transactions were recorded and financial statements were prepared in conformity with generally accepted accounting principles.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this final judgment by personal service or otherwise:

(a)  the defendant's officers, agents, servants, employees, and attorneys; and

(b)  other persons in active concert or participation with the defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the defendant shall pay a civil penalty in the amount of $20,000 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)]. The defendant shall make this payment pursuant to the terms of the payment schedule set forth in paragraph V below after entry of this final judgment. The defendant may transmit payment electronically to the commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at

4

http://www.sec.gov/about/offices/ofm.htm. The defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center

    Accounts Receivable Branch

    6500 South MacArthur Boulevard

    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this court; Thomas H. Beach as a defendant in this action; and specifying that payment is made pursuant to this final judgment. The defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the commission's counsel in this action. By making this payment, the defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to the defendant. The commission shall send the funds paid pursuant to this final judgment to the United States Treasury. The defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

V.

The defendant shall pay the total of penalty due of $20,000 according to the following schedule: (1) $20,000, within 90 days of entry of this final judgment. Payments shall be deemed made on the date they are received by the commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of final judgment. Prior to making the final payment set forth herein, the defendant shall contact the staff of the commission for the amount due for the final payment. If the defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this final judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the commission without further application to the court.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the consent is incorporated herein with the same force and effect as if fully set forth herein, and that the defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by the defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by the defendant under this final judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by the defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this final judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the clerk is ordered to enter this final judgment forthwith and without further notice.

SO ORDERED this 4th day of October 2018 in Hartford Connecticut.

```
_____/s/_____
ALFRED V. COVELLO
UNITED STATES DISTRICT JUDGE
```